# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pacific Logistics Corp,<br><br>    Plaintiff,<br><br>v.<br><br>Pacific Logistics Priority Mail, et al.,<br><br>    Defendants. | No. CV-19-05023-PHX-SMB<br><br>**ORDER GRANTING PACIFIC LOGISTICS CORP'S EX PARTE MOTION FOR EARLY DISCOVERY (SEALED)** |

The Court has reviewed Plaintiff Pacific Logistics Corp's *Ex Parte* Motion for Early Discovery. Having considered the Motion, the Memorandum of Points and Authorities, the Declarations of Milord A. Keshishian and Eric Hockersmith, the arguments, the exhibits, the proposed subpoenas, and all of the files, records, and proceedings herein, and finding good cause therefore, the Court herby **GRANTS** Plaintiff's Motion.

## I.    Background

Pacific Logistics Corp ("PLC") is a world renowned high quality shipping and freight services company with commended customer service. Declaration of Eric Hockersmith ("Hockersmith Decl."), ¶3. For over twenty years, PLC has used the Pacific Logistics™ and Pacific Logistics Corp™ as marks, including on its website, advertising, business cards, as part of its www.pacific-logistics.com domain name, and even on its office building and vehicles as shown below:




Hockersmith Decl., ¶4. PLC has developed its great reputation and continuously and exclusively used the Pacific Logistics Corp™, PLC PACIFIC LOGISTICS® plus design, and PLC® marks (collectively the "Pacific Logistics Marks") in the shipping and freight industries. Hockersmith Decl., ¶5. Specifically, PLC owns federally incontestable trademark registrations for PLC PACIFIC LOGISTICS CORP design mark (Registration No. 4,245,361) and PLC word mark (Registration No. 4,245,364), both marks are registered in connection with services in International Class 39, namely: "Freight transportation by truck, rail, air and ship; Freight transportation consultation in the field of freight transportation by truck, rail, air and ship; Supply chain logistics and reverse logistics services, namely, storage, transportation and delivery of goods for others by truck, rail, air and ship." Hockersmith Decl., ¶¶6-7. PLC also uses its marks on its website and in its www.pacific-logistics.com domain. Hockersmith Decl., ¶8.

Pacific Logistics Priority Mail ("PLPM"), John Doe, Doe Defendants, and Roe Corporations (collectively, "Defendants") knowingly and willfully adopted a highly similar trademark in order to benefit from PLC's efforts.



**PLC's Mark**            **Defendants' Accused Mark**

Defendants further attempt an aura of legitimacy by publishing a website similar to the Plaintiff to further confuse consumers.



**PLC's Website**



**Defendants' Website**

Plaintiff alleges these actions merely perpetuate a façade for Defendants to scam innocent customers and prevent them from realizing the shipping services they sought out.

Plaintiff alleges Defendants have successfully confused consumers into believing that they are associated with Plaintiff.

Plaintiff alleges Defendants operate a fake website storefront using the confusingly similar www.pacificlogisticsprioritymail.com domain name for a non-existent shipping company since January 2018, almost twenty years after PLC's first date of use. Declaration of Milord A. Keshishian ("Keshishian Decl."), ¶¶6, 29. Plaintiff alleges Defendants' website includes fake customer testimonials and fake organization members. Keshishian Decl., ¶¶7-11. Plaintiff alleges Google and LexisNexis Public Record searches establish the testimonial customers and organization members are fake. Keshishian Decl., ¶¶13-22. Plaintiff alleges Defendants' website provides two locations in the United States, but Google Maps searches of the properties identify other businesses and do not list Defendants' PLPM company. Keshishian Decl., ¶23. Additionally, Plaintiff alleges Defendants use no less than three different email address extensions, including pacificlogisticsprioritymail@gmail.com, contact@pacificlogisticsprioritymail.com, and goerge.brolin@bestlogistic.com (purported Chairman and CEO's email address). Keshishian Decl., ¶¶6, 24-25, 28. Plaintiff contends the latter two email addresses are displayed on the Defendants' website; however, they do not connect to a real inbox proving that Defendants are not a legitimate shipping and freight company and that the phone number does not connect to an actual person. Keshishian Decl., ¶24-25, 33-34.

On or about August 7, 2019, Catherine Gallagher – an actually confused consumer – emailed PLC through its info@pacific-logistics.com address. Hockersmith Decl., ¶10. Ms. Gallagher, mistakenly believing that PLC and Defendants were the same entity, inquired about her package's delivery status since she paid Defendants' insurance fees, attaching a screenshot of Defendants' invoice. Hockersmith Decl., ¶10. Prior to this communication, PLC never interacted with Ms. Gallagher and she was never one of its customers. Hockersmith Decl., ¶11. Prior to Ms. Gallagher's contact, PLC was not aware

of Defendants' fraudulent operations.  Hockersmith Decl., ¶12.

PLC forwarded Ms. Gallagher's email to its counsel Milord A. Keshishian, and he contacted Ms. Gallagher to alleviate her actual confusion and inform her that PLC and Defendants were not related entities.  Keshishian Decl., ¶¶26-27.  Ms. Gallagher responded by providing screenshots of her Western Union money transfer to Defendants for "refundable insurance," and forwarded her previous communications with Defendants. Keshishian Decl., ¶¶27-28.

Ms. Gallagher's email communications with PLPM demonstrate a typical scam to pressure Ms. Gallagher to pay additional fees via untraceable methods with a false promise of receiving her package.  Keshishian Decl., ¶28.  PLPM advised Ms. Gallagher she needed to pay $310 for additional "insurance" before the product could be shipped, which it would "refund" after the delivery.  Keshishian Decl., ¶28.  Ms. Gallagher complied and paid PLPM $310 via an untraceable Western Union transfer, PLPM then stated the package had insufficient "stamps" and required further payment of either an additional $322 for a three-year term or $505 for a five-year term for the release of her package.  Keshishian Decl., ¶28.  Ms. Gallagher expressed her frustration with PLPM, calling them "scammers," to which they responded that she was following bad advice and needed to remit payment.  Keshishian Decl., ¶28.  Ms. Gallagher then contacted Plaintiff – believing it was related to PLPM – regarding the delivery status of her package. Hockersmith Decl., ¶10.

Plaintiff contends Defendants have succeeded in not only infringing PLC's trademarks and harming its goodwill, but also defrauding consumer.

## II. Discussion

A court order is required to conduct discovery prior to a Rule 26(f) conference between the parties.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... by court order.").  "In fashioning Rule 26(d) discovery orders, the district court wields broad

- 5 -

discretion." *Marketo, Inc. v. Doe*, No. 18-CV-06792-JSC, 2018 WL 6046464, at *1 (N.D. Cal. Nov. 19, 2018) (citing *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).

Courts within the Ninth Circuit apply a "good cause" standard in determining whether to permit early discovery. *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 499 (D. Ariz. 2012). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Marketo,* 2018 WL 6046464, at *1 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

A plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Courts consider four prongs in determining whether there is "good cause" permitting expedited discovery to identify doe defendants:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Marketo,* 2018 WL 6046464, at *2 (citing *OpenMind Solutions, Inc. v. Does 1-39*, No. 11-CV-03311-MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011)).

"In Internet infringement cases, courts routinely find good cause exists to issue a

Rule 45 subpoena to discover a Doe defendant's identity." *UMG Recordings, Inc. v. Doe*, No. 08-CV-01193-SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008). In *Marketo*, the Court granted plaintiff's *ex parte* motion for early discovery to learn the true identities of the doe defendants that infringed its trademarks by using them in connection with similar services. *Marketo,* 2018 WL 6046464, at *1. In *G.N. Iheaku*, the court granted plaintiff's request for early discovery, allowing plaintiff to serve subpoenas to obtain identifying information on doe defendants. *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. C 14-02069 LB, 2014 WL 2759075, at *3 (N.D. Cal. June 17, 2014).

### A. Identify the Defendants with specificity

Under the first factor, "the Court must examine whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Marketo*, 2018 WL 6046464, at *2 (quoting *Pac. Century Int'l, Ltd. v. Does 1-48*, No. 11-3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011)).

PLC identified Defendants as a group of individuals and/or entities that registered and own the www.pacificlogisticsprioritymail.com domain name and use three different email address extensions, including pacificlogisticsprioritymail@gmail.com, contact@pacificlogisticsprioritymail.com, and goerge.brolin@bestlogistic.com (purported Chairman and CEO's email address). PLC also identified the Defendants as those defrauding innocent consumers, like Ms. Gallagher, through use of Plaintiff's Pacific Logistics Marks by extorting money under the guise of insurance and postage fees for shipment fulfillment. Therefore, the Court finds PLC defined the Defendants with particularity in its Complaint.

### B. PLC's previous attempts to identify and locate Doe Defendants and Roe Corporations

The second prong "is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying

defendants." *Marketo*, 2018 WL 6046464, at *2 (quoting *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 579 (N.D. Cal. 1999) (internal quotations omitted).

PLC attempted to identify and locate the Defendants by using the information found on the www.pacificlogisticsprioritymail.com website, running Google and LexisNexis Public Records searches, and searching for the domain name registrant on the WhoIs database. Searches were conducted for the following: (1) Pacific Logistics Priority Mail; (2) Jonathan Briggs; (3) Lisa Briggs; (4) Sultan Malik Oglu; (5) Goerge Brolin; (6) Ethan Portman; (7) Richard Kitch; and (8) Sinthia Forester. Keshishian Decl., ¶¶12-19. All of the searches are unfruitful because the identified parties are not real persons, there are several with the same name all of whom cannot be linked to PLPM (particularly Ethan Portman), and PLPM does not have any public records. Keshishian Decl., ¶¶13-19. Further, Google searches of the "headquarters" and "branch office" do not return results identifying PLPM. Keshishian Decl., ¶23. Moreover, PLC called the phone number listed on the www.pacificlogisticsprioritymail.com website, which did not connect to an actual person, nor identified that the call was made to PLPM. Keshishian Decl., ¶33-34. Defendants also use a private registration service to mask their identity with the registrar. Keshishian Decl., ¶30.

Additionally, upon learning of Defendants' activities, PLC attempted to hire a private investigator to identify and locate the Defendants. Keshishian Decl., ¶35. However, after interviewing prospective investigators, it was clear that this type of investigation was time and cost prohibitive. Keshishian Decl., ¶35.

Further, PLC did not report claims of trademark infringement to NameSilo, Privacy Guardian, CloudFlare, and Google fearing that the Defendants may transfer the domain name to registrars outside of the Court's jurisdiction – or any other U.S. court's jurisdiction – prior to filing suit as each entity reports any allegations to the alleged infringer. Keshishian Decl., ¶¶36-40, 45.

The Court is satisfied with PLC's previous attempts to identify the Defendants.

## C. The Complaint will survive a Motion to Dismiss

This Court has *in rem* jurisdiction and venue is proper under 15 U.S.C. § 1125 *et seq.* because: (1) the Defendants website violates PLC's trademark rights; (2) PLC is unable to obtain in personam jurisdiction over Defendants because they operate a fraudulent scheme from outside of the U.S.; and (3) *in rem* jurisdiction over domain names is proper in the place of incorporation of the registrar for the domain name. *See* 15 U.S.C. 1125(d)(2)(A). Because Defendants' registrar, NameSilo, is located in Phoenix, Arizona and its terms of service indicate jurisdiction in this District, Defendants agreed to this Court's jurisdiction. Keshishian Decl., ¶37.

Further, with regard to the substantive causes of action, PLC has sufficiently pleaded a trademark infringement claim by showing it has valid, protectable trademarks and that Defendants use a confusingly similar mark, that has actually caused confusion in the marketplace. *See Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013). PLC also has a valid cause of action under the Anticybersquatting Consumer Protection Act because Defendants registered and use the Pacific Logistics Marks in their infringing domain name, www.pacificlogisticsprioritymail.com, which is confusingly similar to PLC's www.pacific-logistics.com domain. Defendants "acted with bad faith" by designing their website to emulate and copy elements of PLC's website, including referring to themselves as "Pacific Logistics" throughout the website to defraud consumers. *See DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010) (listing cyberpiracy elements). These allegations also support claims for unfair competition/false designation of origin, common law trademark infringement, and unfair competition under Cal. Bus. & Prof. Code § 17200. *See New W. Corp. v. NYM Co. of California*, 595 F.2d 1194, 1201 (9th Cir. 1979) (likelihood of confusion is the test used for trademark infringement, unfair competition, and false designation of origin); *Cleary v. News Corp.*, 30 F.3d 1255, 1264 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition

and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act.").

Therefore, the Court finds PLC's Complaint will survive a motion to dismiss.

**D.    PLC will be able to identify the Doe Defendants and Roe Corporations to effect service**

The Court agrees with Plaintiff that Defendants are likely required to provide accurate personal information to NameSilo, Privacy Guardian, CloudFlare, and Google in order to use their services, such as for confirmations of purchases and renewals, email reminders, and the like. Therefore, subpoenaing information from these entities limited to account for the [www.pacificlogisticsprioritymail.com](www.pacificlogisticsprioritymail.com) domain, will uncover the Defendants' names and locations. *Gillespie*, 629 F.2d at 642-43; *Marketo*, 2018 WL 6046464, at *3 ("[U]nless it is clear that discovery would not uncover the identities," early discovery should be permitted to identify doe defendants.).

### III.    Conclusion

The Court finds Plaintiff satisfied all requisite elements and has established good cause for early discovery. The Court reviewed the proposed subpoenas and find that they are limited in scope to reveal the identities and locations for the Defendants.

**IT IS HEREBY ORDERED** that Pacific Logistics Corp's *Ex Parte* Motion for Early Discovery (Doc. 6) is hereby GRANTED as follows: (1) Plaintiff may immediately serve the proposed subpoenas upon NameSilo, Privacy Guardian, CloudFlare, and Google; and (2) a copy of this Order must be included when serving any subpoena pursuant to this Order.

Dated this 29th day of August, 2019.

Honorable Susan M. Brnovich
United States District Judge

cc: pla counsel