# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pacific Logistics Corp, <br><br> Plaintiff, <br><br> v. <br><br> Pacific Logistics Priority Mail, et al., <br><br> Defendants. | No. CV-19-05023-PHX-SMB <br><br> **ORDER** |

The Court has reviewed Plaintiff Pacific Logistics Corp's *Ex Parte* Motion for Alternative Service. Having considered the Motion, the Memorandum of Points and Authorities, the Declaration of Milord A. Keshishian, the arguments, the exhibits, and all of the files, records, and proceedings herein, and finding good cause therefore, the Court herby **GRANTS** Plaintiff's Motion.

**I.  Background**

On August 29, 2019, this Court granted Plaintiff's Motion for Temporary Restraining Order, which directed Pacific Logistics Corp ("PLC") "serve the Complaint, this Motion for Temporary Restraining Order and Preliminary Injunction, and this Order upon Defendants immediately by email upon learning their identities." ECF No. 16. The same day, the Court granted PLC's Motion for Early Discovery permitting PLC to serve subpoenas on NameSilo, LLC ("NameSilo"), PrivacyGuardian.org ("Privacy Guardian"), Google, LLC ("Google"), and Cloudflare, Inc. ("Cloudflare") to obtain the identities of the

Doe Defendants and Roe Corporations. ECF No. 17.

On September 6, 2019, PLC served subpoenas and copies of the Court's Order granting PLC's Temporary Restraining Order on NameSilo, Google, and Cloudflare. Declaration of Milord A. Keshishian ("Keshishian Decl."), ¶¶6-7. PLC attempted to serve a subpoena on Privacy Guardian, but the address is no longer associated with the company and there are no other known physical addresses for Privacy Guardian. Keshishian Decl., ¶7. NameSilo responded to the subpoena and Court Order by emailing PLC that it locked the www.pacificlogisticsprioritymail.com domain name from transfer and identified Mark Develine as the Registrant, Administrative Contact, Technical Contact, and Billing Contact for the subject domain name. Keshishian Decl., ¶8. Develine provided NameSilo only a partial physical address located in the country of Cameroon, which does not provide a house number on "Church Street." Keshishian Decl., ¶8. Additionally, NameSilo's policy states it takes "reasonable steps to notify [the registrant] in the event that we are required to provide your personal information to third parties as part of legal process." Keshishian Decl., ¶9.

On September 6, 2019, PLC served – via RPost's registered email service – Develine copies of the Complaint, PLC's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction and related documents, and this Court's Order granting PLC's Ex Parte Motion for Temporary Restraining Order by email to markdeveline@gmail.com (the email address on record with NameSilo) and the email addresses identified in the Complaint: pacificlogisticsprioritymail@gmail.com; contact@pacificlogisticsprioritymail.com; and goerge.brolin@bestlogistic.com. Keshishian Decl., ¶10. The email addressed to goerge.brolin@bestlogistic.com was returned as undeliverable, but RPost provided evidence that the two Gmail addresses received and opened the email. Keshishian Decl., ¶11.

Thus, Develine is on notice of the Temporary Restraining Order, as well as the September 12, 2019 hearing on Plaintiff's Motion for Preliminary Injunction.

**II.     Discussion**

Rule 4(f)(3) allows an individual located in a foreign country to be served by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (allowing service of process by regular mail and e-mail under Fed. R. Civ. P. 4(f)(3)). Cameroon is not a signatory to the Hague Convention or any other international treaty with the United States affecting judicial proceedings. *See* U.S. Dept. of State, Judicial Assistance Country Information, available at [https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Cameroon.html](https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Cameroon.html); *see also Hydentra Hlp Int. Ltd. v. Porn69.org*, No. CV15-00451-PHX DGC, 2015 WL 8064770, at *2 (D. Ariz. Dec. 7, 2015) (internal citations omitted). Thus, under Rule 4(f)(3) the court can direct alternate service because no international agreement prohibits same. *Rio*, 284 F.3d at 1014 (citation omitted). "Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'," and, instead, "is merely one means among several which enables service of process on an international defendant." *Id.* at 1015. A plaintiff requesting to serve a foreign defendant via alternative service "need not have attempted every permissible means of service of process before petitioning the court for alternative relief" and "[i]nstead ... need[ ] only to demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention." *Id.* at 1016.

"[A]lternative method[s] of service must comport with constitutional notions of due process." *BMO Harris Bank, N.A. v. Guthmiller*, No. CV-14-00275-PHX-JAT, 2014 WL 2600362, at *2 (D. Ariz. June 10, 2014). Due process is served where service is effected by means that are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Courts in this District have permitted plaintiffs to serve foreign defendants by email. See *Rio*, 284 F.3d 1007; see also *Avvo Inc. v. Chang Liang*, No. CV-16-00892-PHX-DLR,

2016 WL 8739200, at *1 (D. Ariz. Apr. 6, 2016) (permitting service by email where the court acknowledged defendant maintained email address for business purposes and website maintenance); *Hydentra Hlp Int. Ltd.*, 2015 WL 8064770 at *3 (allowing service via email to email addresses uncovered during early discovery).

Here, PLC seeks leave of the Court to effect service of process on Develine via email. NameSilo, the domain name registrar, identified Develine's email as markdeveline@gmail.com for maintenance of the www.pacificlogisticsprioritymail.com domain name. Keshishian Decl., ¶8. Develine's physical address provided to NameSilo is incomplete because it simply provides "Church Street" without a house number. Keshishian Decl., ¶8. Thus, Develine cannot be physically be located. Additionally, this Court previously allowed the Temporary Restraining Order to be served via email. ECF No. 16.

Further, service by email comports with due process because Develine received and opened the RPost Registered emails sent to markdeveline@gmail.com and pacificlogisticsprioritymail@gmail.com with a copy of the Complaint, PLC's motion for a temporary restraining order and accompanying documents, and this Court's Temporary Restraining Order. Keshishian Decl., ¶¶10-11. Moreover, Develine was likely notified by NameSilo of the request to divulge his name as the registrant. Keshishian Decl., ¶9.

Because Develine is already aware of the pending action and there are no international agreements prohibiting service by email, the Court grants the motion to serve Develine with the summons and complaint via email at the markdeveline@gmail.com, and pacificlogisticsprioritymail@gmail.com email addresses.

### III. Conclusion

The Court finds Plaintiff satisfied requisite requirements for alternative service on Defendant Develine via email to markdeveline@gmail.com and pacificlogisticsprioritymail@gmail.com.

**IT IS HEREBY ORDERED** that Pacific Logistics Corp's *Ex Parte* Motion for Alternative Service is hereby GRANTED. Plaintiff may serve Defendant Develine at

markdeveline@gmail.com and pacificlogisticsprioritymail@gmail.com. Service is valid upon transmission of an email to Defendant Develine.

Dated this 12th day of September, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge